E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1607-GHK (CWx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | *Samuel Falcon v. R.R. Donnelley & Sons Company, et al.* | | |

| Presiding: The Honorable | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**   **(In Chambers) Order Remanding Case**

      On March 10, 2011, we ordered Defendant R.R. Donnelley & Sons Company ("Defendant") to show cause why this matter should not be remanded for lack of subject matter jurisdiction. Defendant removed this putative class action pursuant to 28 U.S.C. § 1332(a)(1), alleging that the amount in controversy requirement was satisfied because the aggregate class claims asserted in the Complaint exceed $75,000. Defendant arrived at this conclusion in part by calculating the Private Attorney General Act ("PAGA") penalties in controversy for the class as a whole.[1] In our Order to Show Cause ("OSC"), we explained that it did not appear that we have subject matter jurisdiction in light of *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001), which established held that the amount in controversy cannot be calculated based on the aggregate value of class members' claims unless "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." *Id.* at 943 (citation omitted). Defendant filed a timely Response to our OSC ("Response"), arguing that the PAGA penalties prayed for in the Complaint constitute a "common and undivided interest" permitting aggregation of the class members' claims for purposes of determining the amount in controversy.

---

    [1] Specifically, the Notice of Removal calculates the PAGA penalties resulting from Defendant's alleged violations of California Labor Code §§ 226(e) and 204, pursuant to Plaintiff's third claim for failure to provide accurate wage statements and fourth claim for failure to timely pay wages during employment, respectively. In turn, these claims appear to be derivative of Plaintiff's other claims alleging failure to provide meal breaks, reimburse expenses, and pay all wages owed. The Notice of Removal assumes one violation of each § 226(e) and § 204 during every pay period (24 in total) of all 112 putative class members in the one year limitations period prior to the Complaint's filing, for a total of 5,376 violations. This number is multiplied by the PAGA minimum statutory penalty of $100 per violation, for a total of $537,600. To this, the Notice of Removal adds $4,000 in penalties under Labor Code § 226. And finally, an additional 25% is added in attorneys' fees, for a total of $677,000. In light of this methodology, whether the amount in controversy is satisfied turns on the calculation of the PAGA penalties.

E-Filed — JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1607-GHK (CWx) | Date | April 5, 2011 |
|---|---|---|---|
| Title | *Samuel Falcon v. R.R. Donnelley & Sons Company, et al.* | | |

The "paradigm aggregation case[]" is one "involving a single indivisible res and matters that cannot be adjudicated without implicating the rights of everyone involved with the res." *Id.* at 944 (citation and quotation marks omitted). The *Gibson* court provided as examples a shareholder derivative action and a quiet title action by an Indian tribe concerning contiguous land given to the tribe in a single treaty. *Id.* (citations omitted). In these cases, aggregation was appropriate because the "defendant owe[d] an obligation to the group of plaintiffs as a group and not to the individuals severally." *Id.* (citation and quotation marks omitted). This was distinguished from the case before the court, where the party invoking federal jurisdiction sought to aggregate claims for disgorgement and punitive damages, which despite "rest[ing] on a common legal theory," were "each cognizable, calculable, and correctable individually." *Id.* at 944-45.

Contrary to Defendant's framing, PAGA penalties are "recoverable based on particular violations of individual rights; there is no claim of liability for wrongs to the group as a whole." *Zator v. Sprint/United Mgmt. Co.*, No. 09cv2577-LAB (MDD), 2011 WL 1168319, at *4 (S.D. Cal. Mar. 29, 2011) (declining to aggregate the aggrieved employees' PAGA penalties for purposes of determining the representative plaintiff's amount in controversy). Indeed, the Complaint calculates PAGA penalties based on 5,376 alleged violation of individual employees' rights under California Labor Code §§ 226(e) and 204.

Defendant correctly characterizes PAGA as a law enforcement action aimed at recovering civil penalties, rather than individual or class damages. This begs the question. When the state collects civil penalties, such penalties are determined on the basis of particular violations of the Labor Code, not on the basis of a right held by a group. And PAGA "does not create . . . any . . . substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies." *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009). PAGA does not turn individual rights into indivisible rights. Defendant further notes that the California Supreme Court has determined that representative actions under PAGA do not have to satisfy class action requirements. *Arias v. Superior Court*, 46 Cal. 4th 969, 975 (2009). However, the Complaint here *is* brought as a putative class action. Each putative class member is therefore individually asserting his rights under the Labor Code.

Accordingly, Defendant has not adequately shown cause as required by our OSC. As Plaintiff's Complaint reveals no basis for subject matter jurisdiction, this matter is **REMANDED** to the state court from which it was removed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
|  | Initials of Deputy Clerk | | Bea |